UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DURANT ROWE,

                    Plaintiff,

   -against-

CC RESTAURANT & BAKERY, INC. D/B/A
GOLDEN KRUST CARIBBEAN BAKERY
AND GRILL and KENNETH MOXEY,

                    Defendants.
------------------------------------------------------------X

## COMPLAINT

Plaintiff, DURANT ROWE (hereinafter, "Plaintiff"), as and for his Complaint against Defendants, CC RESTAURANT & BAKERY, INC. D/B/A GOLDEN KRUST CARIBBEAN BAKERY AND GRILL and KENNETH MOXEY (hereinafter, "Defendants") respectfully alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act (hereinafter, the "FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Articles 6 and 19, and the New York Codes, Rules, and Regulations 142-2.2 (hereinafter the "New York Labor Law") to recover unpaid overtime compensation and for other relief.

2. Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4.     Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5.     Plaintiff was employed by Defendants as a cook from on or about May 2012 until on or about February 29, 2016.

6.     Defendant CC RESTAURANT & BAKERY, INC. D/B/A GOLDEN KRUST CARIBBEAN BAKERY AND GRILL (hereinafter, "Golden Krust") is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

7.     Upon information and belief, Golden Krust operates or has operated a Golden Krust Caribbean Bakery and Grill located at 200-08 Linden Boulevard, St. Albans, New York 11412.

8.     Upon information and belief, Defendant Kenneth Moxey (hereinafter, "Maxey") is a resident of the State of New York.

9.     At all relevant times, Defendant Moxey was and still is an officer of Defendant Golden Krust.  Upon information and belief, at all times relevant, Moxey exercised operational control over Golden Krust, controlled significant business functions of Golden Krust, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Golden Krust in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees.  As such, at all relevant times, Moxey has been an employer under the FLSA and the New York Wage and Hour Law.

## FACTS

10. At all times relevant to this action, Plaintiff was employed as a cook for the benefit of and at the direction of Defendants at their restaurant and bakery located at 200-08 Linden Boulevard, St. Albans, New York 11412.

11. Plaintiff's responsibilities included prepping food, cooking, and cleaning.

12. From on or about May 2012 until on or about February 2015, Plaintiff worked seven days per week, Sunday through Saturday, from 4:30 a.m. until 7:00 p.m.

13. During this time, Plaintiff worked one-hundred one and one-half (101.5) hours per week.

14. From on or about February 2015 until on or about February 29, 2016, Plaintiff worked six days per week, Monday through Saturday, from 4:30 a.m. until 7:00 p.m. Plaintiff also worked 2 Sundays per month from 4:30 a.m. until 7:00 p.m.

15. During this time, Plaintiff worked eighty-seven (87) hours per week. When Plaintiff worked on Sunday, he worked one-hundred one and one-half (101.5) hours per week.

16. During his employment, Plaintiff did not receive and did not take any uninterrupted meal breaks of more than 15 minutes.

17. Throughout the entirety of his employment, Defendants paid Plaintiff a salary of $720.00 per week.

18. During his employment, Defendants paid Plaintiff via check on a weekly basis.

19. During his employment, Defendants did not require Plaintiff to clock in or out of any of his shifts.

20. During his employment, Defendants did not record the hours that Plaintiff worked each day and each week.

21. During his employment, Defendants did not pay Plaintiff minimum wages pursuant to the requirements of the FLSA or the NYLL.

22. During his employment, Defendants did not pay Plaintiff overtime compensation.

23. During his employment, Defendants did not pay Plaintiff one and a half times his regular rate of pay when he worked more than 40 hours each week.

24. During his employment, Defendants failed to provide Plaintiff with wage notices as required by NYLL § 195(1).

25. During his employment, Defendants failed to provide Plaintiff with accurate wage statements as required by NYLL § 195(3).

26. During his employment, Defendants failed to provide Plaintiff with accurate weekly paystubs as required by NYLL section 195(3).

27. Defendants managed Plaintiff's employment, including the amount of overtime worked.

28. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

29. Defendants were aware of Plaintiff's work hours, but failed to pay Plaintiff the full amount of wages to which he was entitled for this work time under the law.

30. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights; and Plaintiff has been damaged by such failures.

31. Defendant Moxey participated in the decision to hire Plaintiff.

32. Defendant Moxey participated in the daily supervision of Plaintiff's duties.

33. Defendant Moxey participated in setting Plaintiff's work schedule.

34. Defendant Moxey participated in deciding the manner in which Plaintiff was paid during his employment.

35. Defendant Moxey participated in running the day-to-day operations of Golden Krust during Plaintiff's employment.

36. Defendant Moxey participated in deciding the hours that Plaintiff worked each week during his employment.

37. Defendant Moxey participated in deciding the job duties that Plaintiff performed on a daily basis during his employment.

## COUNT I
## FLSA Overtime Claim

38. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

39. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

40. The corporate Defendant was and is subject to the overtime pay requirements of the FLSA because said Defendant is an enterprise engaged in commerce or in the production of goods for commerce.

41. Upon information and belief, the gross annual volume of sales made or business done by the corporate Defendant for the years 2016, 2015, and 2014 was not less than $500,000.00.

42. At all times relevant to this Complaint, Defendants had, and continue to have, employees handle goods or materials that have moved in interstate commerce, including the Plaintiff who worked as a cook.

43. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

44. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week.

45. By the above-alleged conduct, Defendants violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

46. Section 13 of the FLSA, 29 U.S.C. §213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

47. However, none of the Section 13 exemptions apply to Plaintiff because he did not meet the requirements for coverage under the exemptions.

48. Defendants acted willfully and either knew that their conduct violated the FLSA or showed reckless disregard for the matter of whether their conduct violated the FLSA.

49. Defendants did not act in good faith with respect to the conduct alleged herein.

50. As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### NYLL Overtime Claim

51. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

52. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

53. Under New York law, an employee must be paid overtime, equal to one and one half times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week in the manner and methods provided by the FLSA. 12 NYCRR §142-2.2.

54. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the New York Labor Law.

55. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation for the time periods in which he worked in excess of forty hours a week for Defendants.

56. Plaintiff is not exempt from the overtime provisions of the New York Labor Law, because he has not met the requirements for any of the reduced number of exemptions available under New York law.

57. Defendants acted willfully and either knew that their conduct violated the New York Labor Law or showed a reckless disregard for the matter of whether their

conduct violated the New York Labor Law. Defendants did not act in good faith with respect to the conduct alleged herein.

58. As a result of Defendants' violations of the NYLL, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to the NYLL.

## COUNT III
## FLSA Minimum Wage Claim

59. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

60. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 206(a).

61. Defendants routinely and regularly failed to pay Plaintiff the applicable minimum wage, in violation of 29 U.S.C. §206(a).

62. Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA. Defendants have not acted in good faith with respect to the conduct alleged herein.

63. As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT IV
## NYLL Minimum Wage Claim

64. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

65. At all relevant times to this action, Plaintiff has been an employee of Defendants, and Defendants have been employers of Plaintiff within the meaning of §§ 2 and 651 of the NYLL and the supporting New York State Department of Labor Regulations.

66. At all relevant times, Plaintiff has been covered by the NYLL.

67. The wage provisions of Article 19 of the NYLL and its supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

68. As set forth herein, Defendants regularly and routinely failed to pay Plaintiff at the applicable minimum hourly wage in violation of the New York Minimum Wage Act, Article 19 of the NYLL.

69. Defendants willfully failed to pay Plaintiff at the applicable minimum hourly wage in violation of the New York Minimum Wage Act, Article 19 of the NYLL, specifically NYLL § 652, and the supporting New York State Department of Labor Regulations.

70. As a result of Defendants' unlawful practices, Plaintiff has suffered a loss of wages. As a result of Defendants' violations of the NYLL and the supporting Regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial and is entitled to recover from Defendants his unpaid minimum wages, as provided for by the NYLL, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT V
## NYLL Wage Notice Claim

71. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

72. Defendants willfully failed to furnish Plaintiff with wage notices during the entirety of his employment, including the date of his hiring, as required by NYLL § 195(1), in English or in the language identified by Plaintiff as his primary language, which were to contain, among other things, Plaintiff's rate or rates of pay and basis thereof; the regular pay day designated by Defendants as employers in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and Plaintiff's regular hourly rate of pay and overtime rate of pay.

73. Through their knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting New York Labor Law.

74. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT VI
## NYLL Wage Statement Claim

75. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

76. Defendants willfully failed to provide Plaintiff written wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

77. Through their knowing and intentional failure to provide Plaintiff with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting New York Labor Law.

78. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, by and through his attorneys, Neil H. Greenberg & Associates, P.C., demand judgment against Defendants, jointly and severally and in favor of Plaintiff, for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that the Defendants committed one or more of the following acts:

1. Violated provisions of the FLSA by failing to pay overtime and minimum wages to Plaintiff;

2. Willfully violated overtime provisions of the FLSA;

3. Violated the provisions of the NYLL by failing to pay overtime and minimum wages to Plaintiff;

4. Willfully violated the overtime wages of the NYLL.

B. Award compensatory damages, including all overtime compensation owed, in an amount according to proof;

C. Award interest on all NYLL overtime compensation and other compensation due accruing from the date such amounts were due;

D. Award all costs, attorney's fees incurred in prosecuting this action as well as liquidated damages under the FLSA and NYLL; and

E. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
March 14, 2017

_____
Neil H. Greenberg, Esq.
Neil H. Greenberg & Associates, P.C.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
Fax: 516.228.5106
nhglaw@nhglaw.com

# FAIR LABOR STANDARDS ACT CONSENT FORM

I, the undersigned, consent to be a party in <u>Rowe, Durant v. Kenneth Moxey, et al.</u> in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. section 216(b).

Dated: Massapequa, New York
November 02, 2016

_____
Durant Rowe