UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DURANT ROWE,

                  Plaintiff,

     -against-

CC RESTAURANT & BAKERY, INC.
D/B/A GOLDEN KRUST CARIBBEAN
BAKERY AND GRILL, and KENNETH
MOXEY,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ANSWER AND COUNTERCLAIMS**

**17-cv-1423 (CBA) (PK)**

      Defendants CC Restaurant & Bakery, Inc. d/b/a Golden Krust Caribbean Bakery and Grill ("defendant" or "CC Restaurant and Bakery, Inc."), and Kenneth Moxey as and for their answer to the complaint, state as follows:

      1.    Deny the allegations set forth in paragraphs 1, 2, 9, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 39, 40, 43, 45, 47, 48, 49, 50, 54, 55, 56, 57, 58, 61, 62, 63, 68, 69, 70, 72, 73, 74, 76, 77, and 78 of the complaint.

      2.    Deny the allegations set forth in paragraphs 3 and 4, and refer the Court to the cited legal authority for a true and accurate statement of the cited statutes and regulations.

      3.    Admit that plaintiff was formerly employed by CC Restaurant & Bakery, Inc. as the Chef and otherwise deny the allegations set forth in paragraph 5.

      4.    Admit the allegation set forth in paragraph 6.

      5.    Admit that CC Restaurant and Bakery, Inc.'s principal place of business is located at 200-08 Linden Boulevard, St. Albans, New York 11412, but deny knowledge or information sufficient to form a belief regarding the remaining allegations set forth in paragraph 7.

6. Deny knowledge or information sufficient to form a belief regarding the allegation set forth in paragraph 8.

7. Deny the allegations set forth in paragraph 10 except admit that CC Restaurant and Bakery, Inc. is located at 200-08 Linden Boulevard, St. Albans, New York 11412.

8. In response to paragraphs 38, 51, 59, 64, 71, 75, defendants repeat and reallege their responses to the allegations set forth in paragraphs 1- 78 of the complaint as if fully set forth herein.

9. Deny knowledge or information sufficient to form a belief regarding the allegations set forth in paragraphs 41 and 42.

10. Deny the allegations set forth in paragraphs 44, 46, 52, 53, 60, 65, 66, 67, and 76, insofar as the allegations call for a legal conclusion, and refer the Court to the appropriate legal authority, including statutes, regulations, and case law, for a true and accurate statement of the legal conclusions asserted.

**FIRST DEFENSE**

11. Plaintiff's claim for damages and/or attorney's fees and costs are barred as he is exempt from overtime and/or minimum wage requirements pursuant to the applicable law, rules, and regulations.

**SECOND DEFENSE**

12. The complaint, in whole or in part, fails to state a claim upon which relief may be granted.

**THIRD DEFENSE**

13. Plaintiff's claims against defendants are barred by the statutory and/or non-statutory exemptions to the laws cited by plaintiff.

**FOURTH DEFENSE**

14. The complaint is barred, in whole or part, by the applicable statute of limitations.

## FIFTH DEFENSE

15. The complaint is barred by the doctrine of unclean hands.

## SIXTH DEFENSE

16. The complaint is barred as plaintiff engaged in illegal and/or improper conduct.

## SEVENTH DEFENSE

17. The complaint is barred as other entities, persons, or parties engaged in illegal and/or improper conduct.

## EIGHTH DEFENSE

18. The complaint fails as defendants engaged in no activity in violation of any law, rule, or regulation as cited in the complaint.

## NINTH DEFENSE

19. This complaint is barred as the plaintiff has no standing to assert the claims set forth in the complaint.

## TENTH DEFENSE

20. Plaintiff's claims are barred because plaintiff was compensated in accordance with applicable federal and state law.

## ELEVENTH DEFENSE

21. Plaintiff's claims are barred by the doctrine of laches.

## TWELFTH DEFENSE

22. The complaint is barred by the doctrine of waiver.

## THIRTEENTH DEFENSE

23. The complaint is barred by the doctrine of estoppel.

## FOURTEENTH DEFENSE

3

24. The complaint is barred by the doctrines of release, accord and/or satisfaction.

## FIFTEENTH DEFENSE

25. The complaint is barred based on an agreement and/or contractual arrangement between the parties.

## SIXTEENTH DEFENSE

26. Defendants are entitled to compensation for providing plaintiff with monies over and above his salary or wages.

## SEVENTEENTH DEFENSE

27. The complaint fails as the alleged acts and/or omissions complained of were attributable to or caused by plaintiff and/or other persons or entities over whom defendants had no control or right of control.

## EIGHTHTEENTH DEFENSE

28. Given the facts and circumstances surrounding this matter, plaintiff has acted and is proceeding in bad faith.

## NINETEENTH DEFENSE

29. Plaintiff is not entitled to wages for time, hours, or days for which no work was provided, including break time, mealtime, and other periods of freedom from duties.

## TWENTIETH DEFENSE

30. Plaintiff is not entitled to wages for time, hours, or days for which no work was provided, including periods for which plaintiff was not at work or employed.

## TWENTY-FIRST DEFENSE

31. The complaint fails as defendants acted in good faith and/or in conformity with and/or reliance on relevant law, rules, regulations, policies, administrative practices, Department of Labor opinions, and/or relevant decisional law.

**TWENTY-SECOND DEFENSE**

32. The complaint is barred as plaintiff breached the covenants of good faith and fair dealing regarding the alleged matter.

**TWENTY-THIRD DEFENSE**

33. The complaint fails as a matter of law as one or more of the essential elements constituting the alleged claims for relief is lacking.

**TWENTY-FOURTH DEFENSE**

34. Plaintiff breached and failed to fulfill his duty to mitigate whatever damages he allegedly incurred.

**TWENTY-FIFTH DEFENSE**

35. Plaintiff's state law claims are barred by state, federal, or decisional law, and/or are not properly before this Court.

**TWENTY-SIXTH DEFENSE**

36. Defendants are released from liability, if any, by virtue of plaintiff's or others' culpable conduct.

**TWENTY-SEVENTH DEFENSE**

37. Plaintiff's claim for damages and/or attorney's fees and costs are barred by applicable law, rules, and regulations.

**TWENTY-EIGHTH DEFENSE**

38. Defendants reserve the right to supplement or amend their answer and defenses as may be necessary.

**AS AND FOR A FIRST COUNTERCLAIM**

39. Defendants repeat and reallege their responses to the allegations set forth in paragraphs 1- 78 of the complaint as if fully set forth herein.

40. While employed, plaintiff engaged in acts of misconduct and incompetence which caused defendants to suffer a substantial loss of business.

41. As a result of plaintiff's actions, defendants lost customers.

42. As a result of plaintiff's actions, pecuniary losses were incurred for which substantial monetary damages are due and owing defendants.

### AS AND FOR A SECOND COUNTERCLAIM

43. Defendants repeat and reallege their responses to the allegations set forth in paragraphs 1- 78 of the complaint as if fully set forth herein.

44. Plaintiff terminated his employment with defendants abruptly and with no notice in or around February 29, 2016.

45. As a result of Rowe's actions, it took defendants three weeks to find an adequate replacement Chef.

46. Due to the significant amount of supervision and responsibility that was part of Rowe's duties as Chef, the time during which defendants did not have a replacement, caused significant injuries to defendants' business.

47. As a result of plaintiff's actions, defendants were forced to substantially alter the nature of their business.

48. As a result of plaintiff's actions, plaintiff caused defendants to suffer a substantial loss of business for which pecuniary losses were incurred and for which monetary damages are due and owing defendant.

### AS AND FOR A THIRD COUNTERCLAIM

49. Defendants repeat and reallege their responses to the allegations set forth in paragraphs 1- 78 of the complaint as if fully set forth herein.

50. During his employment with defendant CC Restaurant and Bakery, Inc., plaintiff engaged in acts of an outrageous and extreme nature against defendants' employees as well as Mr. Moxey.

51. For example, throughout his employment with defendants, Rowe acted belligerently on one or more occasions by instigating and/or engaging in conflicts with co-workers, customers, or vendors and/or making threats that made employees, customers, or vendors feel unsafe at the restaurant.

52. In or around 2014, Rowe acted unlawfully when he made violent threats against a co-worker while wielding a knife.

53. Rowe's acts, threats, and statements were deliberate, willful, malicious, and of an extreme, repugnant, and outrageous nature.

54. Rowe engaged in the above-described and additional acts which were also of an extreme and outrageous nature, all of which were intended to cause and did, in fact, cause acute and substantial emotional distress, humiliation, fear, and mental anguish to Mr. Moxey and/or other employees, customers, or vendors.

55. As a result of Rowe's extreme and outrageous conduct and acts directed to Mr. Moxey, and/or other employees, customers, or vendors said individuals, including Mr. Moxey, suffered and continue to suffer acute and substantial emotional distress, pain, suffering, humiliation, and mental anguish, for which compensatory damages are due and owing.

**DEMAND FOR JURY TRIAL**

60. In accordance with FRCP 38(b), defendants respectfully request a trial by jury on all triable issues raised in the aforementioned counterclaims.

**WHEREFORE**, the defendants respectfully requests entry of judgment:

1. Dismissing the complaint with prejudice;

2. On the first counterclaim, an award of damages in the sum of $500,000.00, together with such additional sums as is appropriate under the circumstances;

3. On the second counterclaim, an award of damages in an amount of $200,000.00 together with such additional sums as is appropriate under the circumstances;

4. On the third counterclaim, an award of damages in the sum of $500,000.00 with pre- and post-judgment interest at the statutory rate since on or about February 29, 2016 until time of payment;

5. To the extent not described above, an award of pre- and post-judgment interest at the statutory rate on all counterclaims;

6. Together with an award for costs, expenses, disbursements, and attorney's fees in an amount to be determined, and

7. Such other relief as the Court deems just and proper.

Dated: Melville, New York
April 20, 2017



GILBERT LAW GROUP

By: _____
HOWARD E. GILBERT
Attorneys for Defendants
425 Broadhollow Road, Suite 405
Melville, New York 11747-4701
631.630.0100
Fax: 631.630.0101
Email: HEGILBERT@gilbertlegal.net

To (by ECF and First Class Mail):

Neil H. Greenberg
Neil H. Greenberg & Associates, P.C.
Attorneys for Plaintiff
4242 Merrick Road
Massapequa, New York 11758
ngreenberg@nhglaw.com

## DECLARATION OF SERVICE

HOWARD E. GILBERT declares and states as follows:

On April 20, 2017 he caused to be served the following:

    Answer to Complaint with Counterclaims

by ECF and electronic mail to the person(s) at the address(es) listed below:

    Neil H. Greenberg
    Neil H. Greenberg & Associates, P.C.
    Attorneys for Plaintiff
    4242 Merrick Road
    Massapequa, New York 11758
    ngreenberg@nhglaw.com

The undersigned declares and affirms under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:   Melville, New York
        April 20, 2017



_____
    HOWARD E. GILBERT